[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13936
Non-Argument Calendar

_____

D.C. Docket No. 3:02-cr-00094-RV-MD-3

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LESLY ALEXIS,
a.k.a. X,
a.k.a. X-MAN,

Defendant - Appellant.

_____

No. 19-13937
Non-Argument Calendar

_____

D.C. Docket No. 3:02-cr-00094-RV-CJK-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GUERLY ALEXIS,
a.k.a. BO,

                                                              Defendant - Appellant.

_____

Appeals from the United States District Court
for the Northern District of Florida

_____

(February 12, 2021)

Before JORDAN, ROSENBAUM, and ED CARNES, Circuit Judges.

PER CURIAM:

Lesly Alexis and Guerly Alexis both appeal the district court's denial of

their respective motions to reduce their sentences under the First Step Act of 2018,

Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222.[1]

I.

After a jury trial in 2003 Lesly Alexis was convicted of one count of

conspiracy to possess with intent to distribute more than 5 kilograms of cocaine

powder and more than 50 grams of cocaine base, in violation of 21 U.S.C.

§§ 841(a)(1), (b)(1)(A)(ii)–(iii), and 846.  The district court found him accountable

for 113.65 kilograms of cocaine base and calculated his guidelines range as 360

_____

[1] We have consolidated their appeals. See Fed. R. App. P. 3(b)(2).

2

months to life.  In July 2003, the court sentenced Lesly[2] to 384 months imprisonment.

In 2010 Guerly Alexis, after pleading guilty, was convicted of one count of conspiracy to possess with intent to distribute more than 5 kilograms of cocaine powder and more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)–(iii), and 846.  The district court found him accountable for 15.58 kilograms of cocaine base and calculated his guidelines range as 292 to 365 months imprisonment.  On August 24, 2010, the court sentenced Guerly to 330 months imprisonment.

In 2019 Lesly and Guerly both moved for a sentence reduction under the First Step Act, which made retroactive certain sentencing changes for crimes that had their statutory penalties modified by the Fair Sentencing Act of 2010.  The district court denied both motions, finding that each movant was ineligible for a sentence reduction under the First Step Act.  As the basis for denial, the court gave two reasons applicable to both Lesly and Guerly.  First, the court reasoned that the Fair Sentencing Act "had no impact on the statutory penalties that [they] faced" because they were convicted "of an offense that involved 5 kilograms or more of powder cocaine, an amount that would require [them] to face the same penalty

---

[2] Lesly and Guerly Alexis are brothers who share the same last name, so to distinguish them we will refer to them by first name.

even if [they] were sentenced today." Second, the court reasoned that the amount of crack cocaine "attributed to [them] at sentencing would also require the same penalty" under the Fair Sentencing Act. The court gave an additional reason that Guerly specifically was ineligible: he had been sentenced after the Fair Sentencing Act went into effect. Having found Lesly and Guerly ineligible for relief under the Act, the court concluded that it lacked authority to reduce their sentences and denied their motions.

## II.

We review de novo whether a district court had the authority to modify a term of imprisonment. United States v. Jones, 962 F.3d 1290, 1296 (11th Cir. 2020). A district court "may not modify a term of imprisonment once it has been imposed" except in limited circumstances, one of which is when it is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B).

The First Step Act is one of the statutes that expressly permits modifications in some circumstances of sentences that were imposed for crack cocaine convictions before the Fair Sentencing Act was enacted. See Jones, 962 F.3d at 1297. Section 404(b) of the Act authorizes a district court to reduce a defendant's sentence for a "covered offense" and to do so only "as if sections 2 and 3 of the Fair Sentencing Act of 2010. . . were in effect at the time the covered offense was committed." First Step Act § 404(b). A "covered offense" is "a violation of a

Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. § 404(a).

The issue in this case is whether the crimes that Lesly and Guerly Alexis committed are "covered offense[s]." Our binding precedent holds that they are. See United States v. Taylor, 982 F.3d 1295 (11th Cir. 2020). In Taylor, we held that a defendant whose "offense was conspiring to possess with intent to distribute at least 5 kilograms of powder cocaine and at least 50 grams of crack cocaine" had committed a "covered offense." Id. at 1301. That was so because even if the powder cocaine quantity element of the offense would trigger the same statutory penalty after the Fair Sentencing Act, the crack cocaine quantity element would trigger a different statutory penalty after the Act than it did before. Id. Because that is the same situation that Lesly and Guerly are in, under Taylor they each committed a "covered offense."

That does not, however, end our inquiry. The "as if" clause in § 404(b) of the Act allows a district court to reduce a sentence "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act § 404(b). We reiterated in the Taylor decision that the "as if" limitation means a "movant who was sentenced to the lowest statutory penalty available to him under the Fair Sentencing Act cannot receive any further

5

reduction in his sentence under the First Step Act." Id. at 1301–02 (citing Jones, 962 F.3d at 1303–04). Because that was not the circumstance of the defendant in Taylor, the "as if" limitation did not forbid a sentence reduction for that defendant, even though he had been found accountable at sentencing for 1.5 kilograms of crack cocaine. The same is true here. Neither Lesly nor Guerly was sentenced to the lowest possible statutory minimum available under the Fair Sentencing Act, so, just as in Taylor, the "as if" limitation does not forbid a sentence reduction under the First Step Act.

Since the Taylor decision was issued, which came after the district court's denial and after initial briefing in this appeal, the government has filed a letter of supplemental authority conceding that point. It now agrees that the district court erred in finding Lesly and Guerly ineligible for a First Step Act sentence reduction based on the "covered offense" requirement and the "as if" limitation.

Still, the government argues that Guerly is nonetheless ineligible for a sentence reduction under the First Step Act. It points out that he was sentenced on August 24, 2010, which was after the Fair Sentencing Act was enacted on August 3, 2010. That matters, the government explains, because § 404(c) of the First Step Act provides that "[n]o court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed . . . in accordance with

the amendments made by sections 2 and 3 of the Fair Sentencing Act." First Step Act § 404(c).

Guerly's sentence was imposed after the Fair Sentencing Act went into effect, and nothing indicates that his sentence was somehow not imposed "in accordance with" that Act. Therefore, the plain language of § 404(c) makes Guerly ineligible for a sentence reduction. The district court lacked authority to provide what the statute barred: a sentence reduction for him.

The same cannot be said for Lesly, however, who was sentenced before the Fair Sentencing Act became law and thus was outside the scope of the § 404(c) bar. Lesly is eligible for a sentence reduction, so "the district court was authorized — but not required — to reduce" his sentence. Taylor, 982 F.3d at 1302.

For these reasons, we **AFFIRM** the district court's denial of Guerly's motion for a sentence reduction under the First Step Act, but we **VACATE** its denial of Lesly's motion for a sentence reduction under that Act and **REMAND** Lesly's case for further proceedings consistent with this opinion.